HINTRAGER v. BATES, Clerk, &c.

1. Treasury notes: CONSTITUTIONAL LAW. The act of Congress of July 16th, 1862, authorizing the issue of legal tender treasury notes, is constitutional and valid. (*Warnibold* v. *Schlicting*, 16 Iowa, 243, and *Troutman* v. *Gowing*, Id., 415.)

*Appeal from Dubuque District Court.*

THURSDAY, DECEMBER 23.

FOR the facts, see the opinion.

*John L. Harvey* for the appellant.

*John Doud, Jr.,* for the appellee.

WRIGHT, Ch. J. — Plaintiff, in 1861, at a tax sale by the treasurer of Dubuque county, bought certain parcels of

1. TREAS-
URY NOTES:
constitu-
tional law.
real estate for the revenue due and owing thereon for previous years, and afterwards, in 1862 and 1863, paid the taxes subsequently assessed on the same. On the 3d of July, 1863, the proper party paid the necessary amount, to redeem these lands, to the defendant, as clerk of the District Court, in "legal tender United States treasury notes, issued by virtue of an act of Congress, approved July 16, 1862." Plaintiff insists that the clerk had no right to take and receive such "treasury notes," and that he is not bound to accept the same as money in the redemption of the real estate so purchased, claiming that the act of Congress declaring said notes a legal tender in the payment of all debts, public and private, is unconstitutional, and that nothing but *gold* and *silver* can be declared or made a legal tender, under the Constitution of the United States. Defendant, on the other hand, maintains that said act is constitutional; that the clerk was bound to receive, and the defendant to accept, the same; and that the owner could not be compelled to pay gold or silver for such redemption.

From this statement it will be seen that there is but one question presented for our consideration, and that is, the constitutional power of Congress to pass the act of July 16, 1862. Counsel waive all other issues, all other objections to the time or manner of the redemption, and agree that this is the sole question presented for our determination.

The importance of the question here involved is readily appreciated. It has, however, been substantially decided in this State, and expressly ruled in others; and following these cases and our own clear convictions, we have no difficulty in affirming this judgment. We shall make but a brief reference to them.

The cases of *Warnibold* v. *Schlicting*, 16 Iowa, 243, and *Troutman* v. *Gowing*, Id., 415, could not well have been ruled as they were, without indirectly affirming the validity

of this act of Congress. For, in both of them, it was held that the payee of a promissory note, *payable in gold*, was compelled to accept "legal tender treasury notes" in payment, and that a party could not make a contract which would compel his debtor to pay one rather than another kind of money, which the law-making power has declared equivalent. But aside from these adjudications, we have the cases of *Lick* v. *Faulkner*, in the Supreme Court of California, pronounced in August last; *Metropolitan Bank* v. *The Superintendent of the Bank Department*, and *Moyer* v. *Roosevelt*, in the Court of Appeals, New York (and see Judge EMOTT's opinion in the same cases, announced in October, 1863); *Reynolds* v. *The Bank*, 18 Ind., 467 (right in its conclusion, whatever may be said of its reasoning), with no case brought to our attention denying the validity of the law. And, as bearing upon the principle involved, see *Wood* v. *Bullens*, 6 Allen, 516; *Bank of Commerce* v. *New York City*, 2 Blatch., 620, and other authorities cited *infra*, and in the cases in this court above referred to. The cases in New York and California are full and almost exhaustive of the subject. They trace and place the power upon different grounds; but the great fundamental principles upon which the several decisions rest, are the same in each. Following them and our own convictions, and without being required to fall back upon the cardinal rule that every reasonable intendment is to be made in favor of the validity of a statute assailed for unconstitutionality (*Morris* v. *The People*, 3 Denio, 381); that in any case substantially doubtful the law must have its force (*Adams* v. *Howe*, 14 Mass., 345); we find no difficulty in sustaining the law under consideration, deeming it unnecessary to enter into a discussion and examination of the several provisions of the Federal Constitution, which give either in terms or by implication the power thus exercised by Congress.

We may be permitted to remark, in conclusion, that a judge would be bold, reckless and unworthy his high vocation, who would defy the Constitution in inquiring into the validity of a given statute, and yet no more so than one who, in case of just doubt, should, by declaring the law invalid, ignore and defy the safety and best interests of those to be affected thereby. And yet more reckless and unwarranted still would be his course if, in the face of adjudged cases and the settled policy of the government, he should hesitate, and upon a fancied or imaginary want of power, in a struggle like that before us, so rule as to bring financial ruin upon the State and nation. No provision of the law or Constitution should be made to speak a language different from its true letter and spirit. And yet both ought to be so construed, if at all consistent with the language used, as to preserve, rather than forfeit, the nation's plighted faith; to sustain, rather than crush, the national existence; to promote, rather than destroy, the general and individual prosperity and security of those constituting the government; to give aid and assistance, rather than throw obstacles in the way of the constituted authorities, in their efforts to wisely and safely administer the affairs of the nation. Courts must, of course, ever regard the supremacy of the Constitution as essential to the national life. And yet they must not forget that, without a national existence, without a government—the nation destroyed—it would be solemn mockery to talk about adherence to the Constitution and the supremacy of the law. They assist in preserving the government by adhering to the Constitution, and in asserting the integrity and supremacy of the Constitution, by performing their part in maintaining and preserving the unity and perpetuity of the nation.

Affirmed.

# REPORTS

OF

## Cases in Law and Equity,

DETERMINED IN THE

# SUPREME COURT

OF THE

# STATE OF IOWA;

## DES MOINES, JUNE TERM, A. D. 1865.

IN THE TWENTY-FIRST YEAR OF THE STATE.

----

PRESENT:

Hon. GEORGE G. WRIGHT, Chief Justice.
  "   RALPH P. LOWE,
  "   JOHN F. DILLON,   } Judges.
  "   CHESTER C. COLE,