## SPEAR ET AL vs. ALEXANDER, Ex'r.

[PROMISSORY NOTE PAYABLE IN GOLD.]

1. *Promissory note payable in gold; legal tender act.*—Where the plaintiff sues on a promissory note, made since the passage of the legal-tender act, payable in a specified number of dollars, *in gold*, he is entitled to recover only the amount specified in his note, with interest; the judgment would be solvable in legal tender-treasury notes, if the legal-tender act is constitutional. Upon the hypothesis of the unconstitutionality of the said act, the plaintiff is entitled to the same recovery, and the judgment would only be solvable in coin.

2. *Revenue act of congress; what is a sufficient cancellation.*—Where a promissory note, made by three or more, has the requisite stamps upon it, and is cancelled only by the initials of the first in order of the signers, with the date of the instrument, this is a sufficient cancellation, within the meaning of the revenue act of congress.

APPEAL from the Circuit Court of Colbert.
Tried before Hon. WM. B. WOOD.

THIS action was brought by James W. Alexander, as the executor of John Carlock, deceased, against John Spear,

and others; was commenced on the 20th day of August,1867, and was founded upon a promissory note made by the defendants, a copy of which is as follows: "$2,195 60. Twelve months after date, we or either of us promise to pay J. W. Alexander, executor of John Carlock, deceased, two thousand one hundred and ninety-five dollars and sixty cents, in gold, it being the remainder of the purchase-money of the landed estate of John Carlock, deceased, on which a lien is retained, until the above named amount is paid. Given under our hands and seals, this 26th of December, 1865." This note was stamped with United States revenue stamps, to the amount of one dollar and twenty cents, and each stamp had endorsed on it, the following letters and figures, to-wit: "J. S., Dec. 26, 1864." There was a verdict and judgment for the plaintiff. The judgment entry is as follows: "Came the parties by their attorneys, * * * * * find for the plaintiff the sum of $2,195 60, the principal claimed in the plaintiff's complaint mentioned, in gold, and also the sum of $131 73, the interest accruing thereon, in gold, making the sum of $2,327 33, principal and interest, in gold, and the further sum of $931 73, as premium on the gold. It is therefore considered by the court that the plaintiff recover of the defendants the said several sums, so found and assessed by the jury as aforesaid, together with the costs," &c. The questions raised on the bill of exceptions will sufficiently appear from the opinion of the court.

MOORE & RATHER, for appellant.
CHILTON & THORINGTON, contra.

A. J. WALKER, C. J.—The act of congress, known as the legal tender act, declares that the treasury-notes issued under that act shall "be lawful money, and a legal-tender in the payment of all debts, public and private, within the United States, except duties on imports and interest" due the United States.—2 Brightly's Digest, 108. The contract in this case, made since the adoption of the legal-tender act, is for the payment of a specified number of dollars and cents, "in gold." This, therefore, is a contract for the pay-

ment of a specified sum of money in gold, according to the mode of designation prescribed in the acts of congress on the subject of currency, and must be understood to mean gold coin. The older acts of congress provide in reference to gold and silver coin as the later does in reference to treasury-notes, that they shall be a legal tender. Dollars of gold and silver, and dollars of treasury-notes, are alike declared to be lawful money, and capable of being tendered in payment of debts. The specification *of gold* as the kind of lawful money, does not deprive the contract of its character as a debt. It is a debt, and the legal-tender act is imperative in authorizing its payment in treasury-notes. The acts of congress, if they are alike constitutional, tolerate no distinction between coin and treasury-notes as legal instruments in discharging debts. The subject has been so often and so elaborately considered and adjudged, that a discussion of it by us would be a supererogation, and would be but a repetition of arguments already made by others.—*Shollenberger v. Brinton*, 52 Penn. State, 9 ; *Mather v. Kinike*, 51 Penn. State, 425'; *Carpenter v. Northfield Bank*, 39 Vermont, 46 ; *Appel v. Woltman*, 38 Missouri, 194 ; *Riddlesberger v. McDaniel*, 38 Missouri, 138 ; *Vesges v. Gibboney*, 38 Missouri, 458 ; *Wintrager v. Bates*, 18 Iowa, 174 ; *Metropolitan Bank v. Van Dyke*, 27 N. Y. 401 ; *Rodes v. Bronson*, 34 N. Y. 649 ; *Hague v. Powers*, 39 Barbour, 427 ; *Liek v. Faulkner*, Cal. R., August, 64 ; *Warner v. Sank. Co. Bank*, 20 Wisconsin, 492.

Upon the hypothesis of the constitutionality of the legal-tender act, the plaintiff was entitled to recover only the amount specified in his note with interest, notwithstanding payment in gold is prescribed, and notwithstanding the judgment would be solvable in legal-tender treasury-notes, if the last legal-tender act is constitutional. Upon the hypothesis of the unconstitutionality of the legal-tender act, the plaintiff is entitled to precisely the same recovery, and the judgment would only be solvable in coin.—*Smith v. Dillard*, 2 Duvall, 152 ; American Law Review for January, 1868, p. 312. Really the question of the constitutionality of the law does not arise in the case. Under the established construction of the legal tender act the judg-

ment would be for precisely the same amount and in the same words, as if it had never been passed, and the defendant would have the right to discharge such judgment in gold or silver coin, or in legal-tender notes. If that law is swept away on the ground of unconstitutionality, the judgment is still the same, with a right in the defendant to pay it only in coin. The court below committed an error in authorizing a recovery for more than the debt and interest.

The constitutionality of the law not being necessarily involved in the case, it would be very unwise for us to decide it, because the question is believed to be now before the supreme court of the United States, and its decision, when rendered, will control us.

The note given in evidence, appears to have had the requisite stamps upon it, and it was cancelled by the initials of the first in order of the three signers, with the date of the instrument. The objection was, that the initials of each of the three signers were not written on the stamps. The revenue act of congress directs, that no writing required to be stamped shall be " admitted or used as evidence in any court, until a legal stamp or stamps denoting the amount of duty shall have been affixed thereto, and the date when the same is so used or affixed, with his initials shall have been placed thereon by the person using or affixing the same."—2 Brightly's Digest, 266, § 257. If the objection had been well taken, it would probably have been obviated by writing the initials of the other two signers on the stamps, and then renewing the offer of evidence. But we are fully convinced, that the admissibility of the note in evidence did not depend upon the fact that the initials of all the signers were on the stamps. If that were the rule, it would be impossible to comply with it in many cases. The initials of even six signers could not be put upon some stamps in characters large enough to be read without the aid of a microscope, and sometimes there are much more than six signatures. The direction of the act is, that " the person using or affixing" the stamp, " shall write thereupon the initials of his name, and the date upon which the same shall be attached or used, so that the same may not again be used."—2 Brightly's Digest, 264, § 250.

There is, therefore, no exaction of the insertion on the stamp of the initials of all the makers, but only of the person who uses or affixes the same, and, besides, the object is merely to prevent the second use of the stamp, which is as well accomplished by the initials of one name as of three. There was no error in admitting the note in evidence.

The inquiry as to the value of gold was altogether irrelevant, and the evidence upon that subject was improperly admitted.

Reversed and remanded.